UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APEX LOGISTICS INTERNATIONAL, INC.,
APEX MARITIME CO., INC., APEX MARITIME
CO. (LAX), INC., APEX MARITIME CO. (ORD),
INC., APEX SHIPPING CO., INC., FLEXPORT
INTERNATIONAL, LLC, OREGON
INTERNATIONAL AIR FREIGHT CO., d/b/a
OIA GLOBAL, ROHLIG USA, LLC, EFL
CONTAINER LINES ILC, CRANE
WORLDWIDE LOGISTICS LLC, and
DIMERCO EXPRESS (USA) CORP.,

                                    Plaintiffs,

                    -against-

M/V ONE APUS in rem, CHIDORI SHIP
HOLDING LLC, JESSICA SHIP HOLDING
S.A., NYK SHIPMANAGEMENT PTE LTD.,
OCEAN NETWORK EXPRESS PTE LTD.,
HAPAG-LLOYD AKTIENGESELLCHAFT,
and HMM CO., LTD. f/k/a HYUNDAI
MERCHANT MARINE CO., LTD.,

                                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   12/16/2021
```

21 Civ. 1815 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    To protect the public health, while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is ORDERED pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in this action may be taken via telephone, videoconference, or other remote means. It is further ORDERED pursuant to Rule 30(b)(5) that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. The parties are encouraged to engage in discovery through remote means at every available opportunity.

    SO ORDERED.

Dated: March 8, 2022
       New York, New York

ANALISA TORRES
United States District Judge